UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

    Plaintiff,

v.

    Civil Case No. 22-11561
    Honorable Linda V. Parker

GOVERNOR GRETCHEN WHITMER,
and/or STATE OF MICHIGAN,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 12)

On July 11, 2022, Plaintiff Curwood L. Price, a pro se litigant, filed the instant lawsuit seeking declaratory and injunctive relief against Defendants Governor Gretchen Whitmer and/or the State of Michigan. (ECF No. 1.) In his Complaint, Plaintiff is primarily seeking a declaratory judgment that would relieve him from having to register with all sex offender registries. (*Id*. at 13.) Presently before the Court is Plaintiff's "emergency motion for preliminary order pursuant to Fed. R. Civ. P. 8 and 65," which this Court interprets to be a motion for preliminary injunction. (ECF No. 12 at Pg ID 112.) For the reasons below, the Court is denying Plaintiff's emergency motion for preliminary injunction.

## BACKGROUND

In his motion for preliminary injunction, Plaintiff asserts the following: "the Wayne County Court Clerk's Office[,][t]he Third Circuit Court for Wayne County[,]and [t]he Wayne County Probate Court have maliciously refused to act upon his actions even though he has presented a viable claim and seeks relief well within the State Court's authority to grant." (*Id*. at Pg ID 113.)  He further asserts that the reason for the "malicious discriminatory action[s] by Ms. Garret's office" is because of his current registration with the Michigan's Sex Offenders Registration Act (SORA), of which his fiancé, Richanda Noel Carter, is allegedly implicated by association.  (*Id*. at Pg ID 114.)  More specifically, Plaintiff claims that "Ms. Garret's Office" has refused to file his pleadings regarding a civil action he is seeking to file against his landlord, Mutual Property Management.  (*Id*. at Pg ID 113.)  Plaintiff also asserts that "Ms. Garret's Office" is not properly processing Ms. Carter's probate case pertaining to her deceased mother's estate.  (*Id*. at Pg ID 114.)

Plaintiff requests three things from this Court so that he and Ms. Carter may "proceed [with their cases] under [their] Constitutional Right of Access to the Courts." (*Id*. at Pg ID 112.)  First, that this Court issue an order "directing Ms. Garret and the Third Circuit Court to process the Plaintiff's civil action against Mutual Property Management." (*Id*. at Pg ID 115.)  Second, that this Court issue an order "directing Ms. Garret and the Wayne County Probate Court to process

Richanda Noel Carter's probate action." (*Id*.) Finally, that this Court issue an order "directing Ms. Garrett's office, the Third Circuit Court, and the Wayne County Probate Court to fully and completely stop any and/or all discriminatory actions/conduct against the Plaintiff and Richanda Noel Carter that directly stems from the illegal placement of the Plaintiff on the SORA registry." (*Id*.)

## APPLICABLE LAW AND ANALYSIS

For the reasons below, the Court finds that it has no inherent authority to grant Plaintiff the relief he is requesting.

First, neither Cathy M. Garrett nor her office are named defendants in this lawsuit.  A court may use its inherent power to sanction a nonparty who is not subject to a court order only after "rigorous application of a two-part test." *Helmac Prod. Corp. v. Roth (Plastics) Corp.*, 150 F.R.D. 563, 568 (E.D. Mich. 1993).  That rigorous test requires that the nonparty "(1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which [s]he interfered."  *Id.*  This test ". . . will effectively limit the scope of the [c]ourt's inherent power to sanction to those individuals who were either (1) parties, (2) subject to a court order, or (3) real parties in interest." *Id.*

Applying these principles here, the Court concludes that its inherent authority does not extend to the alleged conduct of Ms. Garett or her office.  First, Ms. Garett and her office are not parties to this suit, nor do they have any interest

in the outcome of this litigation. Second, Ms. Garett and her office have not participated in any proceedings in this case before the Court. As such, "none of the factors discussed in *Helmac Products* are satisfied here, nor has Plaintiff otherwise identified any considerations that would warrant this Court's inquiry into the activities of a non-party that took place wholly outside these proceedings and have no apparent bearing on the claims and issues raised in this case." *ABCDE Operating, LLC v. Jones*, No. 17-10138, 2017 WL 3530280, at *3 (E.D. Mich. Aug. 17, 2017).

With respect to any relief Plaintiff seeks on behalf of Richanda Noel Carter, she is neither a party to the current lawsuit, nor is she represented by counsel. Plaintiff attempts to assert a claim on her behalf in the pending motion, however, "a pro se litigant is generally not permitted to … represent other litigants." *Hobson v. Austin,* No. 21-5093, 2021 WL 6773558, at *2 (6th Cir. Nov. 18, 2021). As such, the Court will not address any claims or request for relief asserted on Ms. Carter's behalf.

## CONCLUSION

In short, the Court has no inherent authority to grant the relief Plaintiff requests.

Accordingly,

**IT IS ORDERED** that Plaintiff's emergency motion for preliminary injunction (ECF No. 12) is **DENIED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: November 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 17, 2022, by electronic and/or U.S. First Class mail.

                                                  s/Aaron Flanigan
                                                  Case Manager