UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD LEWIS PRICE,

    Plaintiff,

v.

    Civil Case No. 22-11561
    Honorable Linda V. Parker

GOVERNOR GRETCHEN WHITMER
and STATE OF MICHIGAN,

    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR CONSOLIDATION

On July 11, 2022, Plaintiff Curwood L. Price filed this pro se lawsuit pursuant to 28 U.S.C. §§ 2201 and 2202, challenging Michigan's enforcement of its sex offender registration laws against him. Under Michigan law, Price, who was convicted in November 1991 of criminal sexual conduct for sexually penetrating a person under 13 years of age, must register as a sex offender for life. Generally, Price asks the Court to find that applying the offender registration laws to him violates Michigan and federal constitutional prohibitions on ex post facto laws. More specifically, Price seeks a declaration that (i) he has a right to be removed from the State's sex offender registries, (ii) he can no longer be charged and/or prosecuted under any part of the sex offender registration penalties; (iii) all

of his information must be immediately removed from the registries; (iv) he can apply for and receive Section 8 housing assistance; (v) he may change his name, with the name change only being recorded and maintained by federal authorities under strict disclosure standards, including a new Michigan enhanced ID and moped license and a new social security card; and (vi) he has the right to seek and receive any and/or all state and federal aid he qualifies for due to his additional physical disability, which he has been denied because of his placement on the sex offender registry. Price also seeks financial compensation of $100,000.

Defendants have filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). (ECF No. 7.) Price filed a response. (ECF No. 11.) Price also moved to consolidate this action with a class action pending before the Honorable Mark A. Goldsmith, *Doe III v. Whitmer*, Case No. 22-10209 (E.D. Mich. filed Feb. 2, 2022) (hereafter *Doe III*).

## Price's Request for Monetary Damages

Price seeks monetary damages pursuant to 28 U.S.C. § 2202, which states: "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." Price cites *Continental Casualty Company v. Indian Head*, 941 F.3d 828 (6th Cir. 2019), to support his request for

2

monetary damages under the statute. (*See* Resp. Br. at 8, ECF No. 11 at Pg ID 110.) Unlike that case, however, where a private entity was being sued, Defendants here are a State and its highest official. Eleventh Amendment sovereign immunity is a complete bar to Price's claim against the State of Michigan, *see, e.g., Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001); *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008), and bars his claim for damages against Governor Whitmer, in her official capacity, *Edelman v. Jordan*, 415 U.S. 651, 663-69 (1974); *S&M Brands*, 527 F.3d at 507.

The Eleventh Amendment presents no bar to a suit against a state official sued in his or her individual capacity for monetary damages. *See Hafer v. Melo*, 502 U.S. 21, 31 (1991). Nevertheless, Price does not expressly state in his Complaint or other filings that he is suing Governor Whitmer in her individual capacity. Nor do Price's allegations suggest that he is bringing an individual-capacity claim against her. Price does not allege that Governor Whitmer violated his constitutional rights or otherwise acted unlawfully through her "own individual actions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Lewis v. Clarke*, 581 U.S. 155, 162 (2017) (quoting *Hafer*, 502 U.S. at 25) ("Personal capacity suits . . . seek to impose *individual* liability upon a government officer for [his or her] actions taken under color of state law."). "Absent any indication that

3

[Governor Whitmer] is being sued individually, [this Court] must assume that [she is] being sued in [her] official capacity[y]." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (quoting *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)) (added emphasis removed and bracketed language added).

For these reasons, Price's request for money damages is dismissed.

### Price's Requests for a New Michigan Enhanced Driver's License, Moped License, Social Security Card, and Rights to Section 8 Housing Assistance and Any and/or All State and Federal Aid

Price seeks various forms of relief in his Complaint, but fails to plead facts which would entitle him to such relief. This includes his request for a name change, a new Michigan enhanced driver's license, moped license, and social security card, and for a declaration that he is entitled to certain state and federal benefits such as Section 8 housing assistance. Even if a court agrees with Price that Michigan's sex offender registry requirements cannot constitutionally be applied to him, it does not necessarily follow that he is entitled to this requested relief. A finding that Price is not required to register as a sex offender and that his name should be removed from the State's sex offender registries *may* mean that he is able to apply for and receive certain benefits foreclosed by his registration status. However, he pleads no facts from which a court could conclude that he is entitled to such relief, or claims for which such relief would be appropriate.

4

Thus, Price's request for these forms of relief is dismissed.

**Price's Remaining Requests for Declaratory and Injunctive Relief**

As Defendants assert in their motion to dismiss, and Price acknowledges, *Doe III* is a class action lawsuit challenging Michigan's current sex offender registry laws. The plaintiffs include individuals, like Price, convicted before 2011 of criminal sexual conduct offenses and/or who are subject to lifetime registration. *Doe III* raises the same constitutional challenges as Price. *See, e.g.*, Compl., *Doe III* (filed Feb. 2, 2022), ¶¶ 33-36, 651(e), (f). Further, the plaintiffs in *Doe III* seek relief similar to Price once the relief discussed above is dismissed. *See id.* at Pg ID 194-95.

In *Doe III*, a "primary" class and several subclasses have been certified pursuant to Federal Rule of Civil Procedure 23(b)(2). *See* Stip. Order Granting Class Certif., *Doe III* (filed May 18, 2022), ECF No. 35. Contrary to Price's belief, he is a member of the primary class,[1] and appears to also be a member of

---

[1] The "primary class" is "defined as people who are or will be subject to registration under Michigan's Sex Offenders Registration Act (SORA)." Stip. Order Granting Class Certif. ¶ 2, *Doe III* (filed May 18, 2022), ECF No. 35 at Pg ID 1116-17.

5

two subclasses: (i) the "pre-2011 ex post factor subclass"[2] and (ii) the "retroactive extension of registration subclass."[3] *See id*. ¶¶ 2-4. As class certification is pursuant to Rule 23(b)(2), Price cannot opt out as a member of these classes, *see Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 362 (2011); *Austin v. Wilkinson*, 83 F. App'x 24, 25 (6th Cir. 2003) (citing *Coleman v. Gen. Motors Acceptance Corp.*, 296 F.3d 443, 447 (6th Cir. 2002)); and he is bound by any judgment rendered in *Doe III*, assuming his interests are adequately protected there, *see Laskey v. UAW*, 638 F.2d 954, 956 (6th Cir. 1981).

Allowing Price to pursue the instant lawsuit while a member of the classes in *Doe III* contravenes the general principle that a party has "no right to maintain separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Sanders v. Washington*, 582 F. Supp. 3d 543, 547 (W.D. Mich. 2022) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). It also contravenes the basic purpose of Rule 23(b)(2): permitting federal courts through a single action binding on all members of the class, to

---

[2] The "pre-2011 ex post facto subclass" is "defined as members of the primary class who committed the offense(s) requiring registration *before* July 1, 2011." *Id*. ¶ 3, Pg ID 1117 (emphasis added).

[3] The "retractive extension of registration subclass" is "defined as members of the primary class who were retroactively required to register for life as a result of amendments to SORA." *Id*. ¶ 4, Pg ID 1117.

fashion appropriate declaratory and injunctive relief in actions "where a party has taken action or refused to take action with respect to a class." *See* Fed. R. Civ. P. 23(b)(2) advisory committee's notes to 1966 amendment. A principal purpose of Rule 23 class actions is efficiency and economy of litigation. *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 553 (1974). "Class actions serve an important function in our judicial system. By establishing a technique whereby the claims of many individuals can be resolved at the same time, the class suit . . . eliminates the possibility of repetitious litigation . . . ." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 560 (2d Cir. 1968)).

For these reasons, the Court is dismissing without prejudice Price's requests for declaratory and injunctive relief to the extent not dismissed with prejudice above. The dismissal is without prejudice, as Price may still seek the remaining relief as a member of the class in *Doe III*. Within its inherent power to administer its docket, a district court may dismiss a suit that is duplicative of another federal court suit. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997). For all of these reasons, it also is not appropriate to consolidate this action with *Doe III*, even if this Court had the power to unilaterally do so, which it does not. *See* E.D. Mich.

7

LR 83.11(b) (indicating that cases may be reassigned and/or consolidated only with the consent of all judges to whom they are assigned).

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 7) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for consolidation (ECF No. 14) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 6, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 6, 2023, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager